ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **ÁNGEL A. RIVERA SOTO**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Recurrido | TA2025RA00079 | **REVISIÓN** procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm: CPSH 12-25<br><br>Sobre: |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez.[1]

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Ángel A. Rivera Soto (Rivera Soto o parte recurrente), quien se encuentra confinado bajo la custodia del Departamento de Corrección y Rehabilitación (DCR o parte recurrida) en la Institución Correccional Sabana Hoyos 728, comparece por derecho propio y en *forma pauperis* y solicita la revisión de la *Resolución* emitida el 30 de abril de 2025, por la Coordinadora Regional de la División de Remedios Administrativos del DCR. Mediante la misma, la agencia confirmó y amplió la respuesta emitida por el supervisor de récords criminal, señor José Arbelo Velázquez, a una solicitud de actualización de la hoja de liquidación de sentencia al amparo de la Ley Núm. 85-2022 presentada por la parte recurrente.

Por las razones que expondremos a continuación, se confirma la determinación recurrida.

**I.**

Según surge del expediente, Rivera Soto fue sentenciado a una pena total de 20 años, por infracciones a los Artículos 5.04 (10

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.

años) y 5.15 (6 años) de la Ley de Armas, así como al Artículo 109 (4 años) del Código Penal de 2012. Mientras Rivera Soto cumplía su sentencia, entró en vigor la Ley Núm. 85-2022.

El 31 de enero de 2025, Rivera Soto instó una *Solicitud de Remedio Administrativo* (CPSH-12-25) ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación, en la cual solicitó que se le aplicaran las disposiciones de la Ley Núm. 85-2022 a su hoja de liquidación de sentencia. El 25 de febrero de 2025, el DCR respondió a la referida solicitud lo siguiente:

> El confinado en referencia fue orientado el día 24 de enero de 2025, sobre la no aplicación de la Ley 85-2022 a su pena impuesta [,] ya que el mismo había cumplido su mínimo de sentencia el 3 de noviembre de 2021. No obstante, el día 29 de enero de 2025, se entregó la nueva hoja de liquidación de sentencia y fue orientado nuevamente de la Ley 85.

Inconforme, Rivera Soto solicitó reconsideración, bajo el fundamento de que en la nueva *Hoja de Control sobre Liquidación de Sentencias* se le acreditaron bonificaciones al amparo de la Ley Núm. 87-2020, más no le aplicaron aquellas bajo la Ley Núm. 85-2022.

Así las cosas, el 30 de abril de 2025, el DCR dictó la determinación impugnada, mediante la cual confirmó y amplió la respuesta del señor Arbelo Velázquez. En su dictamen, el DCR realizó las siguientes determinaciones de hechos:

1. El recurrente presentó Solicitud de Remedios Administrativos el 31 de enero de 2025 ante el Evaluador de Remedios Administrativos, Christopher Serrano Cuevas de la Oficina de Arecibo. En su escrito solicita la hoja actualizada de la tabla de sentencia y orientación con el Sr. José Arbelo, Supervisor de Récords Criminal, Institución Correccional Sabana Hoyos 728.

2. El 3 de febrero de 2025 se hizo Notificación dirigida al Sr. José Arbelo, Supervisor de Récords Criminal, Institución Correccional Sabana Hoyos 728.

3. El 25 de febrero de 2025 se recibió respuesta por parte del Sr. José Arbelo, Supervisor de Récords Criminal, Institución Correccional Sabana Hoyos 728, quien contestó que el 24 de enero de 2025 se le orientó sobre la Ley 85-2022.

4. El 5 de marzo de 2025 se hace la entrega al recurrente del Recibo de Respuesta.

5. El 17 de marzo de 2025, el recurrente inconforme con la respuesta emitida, presentó Solicitud de Reconsideración ante el Coordinador Regional de Remedios Administrativos. En síntesis, arguye que no está de acuerdo con la respuesta recibida.

6. Se acoge petición de reconsideración el 27 de marzo de 2025.

A su vez, el DCR expuso que:

Se orienta al recurrente que según se desprende de **la Hoja de Control Sobre Liquidación de Sentencia se actualizó el 29 de enero de 2025** y ese mismo día le fue entregada ya que obra su firma[,] en documento como evidencia de recibo del mismo. Posteriormente el Sr. José Arbelo, Supervisor de Récords Criminal, Institución Correccional Sabana Hoyos 728 lo orienta en cuanto a la Ley 85-2022. Al momento de redactar esta Resolución no vemos que le hayan retirado bonificaciones otorgadas.

Por otro lado, le explico que **no se le puede aplicar la Ley 85-2022 ya que esta al entrar en vigor ya el recurrente había sido presentado ante la Honorable Junta de Libertad Bajo [Palabra] pues el mínimo de sentencia fue cumplido el 19 de diciembre de 2021**. La esencia de la Ley 85-2022 es darle la oportunidad a miembros de la población correccional que cuentan con sentencias extensas tengan la posibilidad de presentarse ante la Junta de Libertad Bajo Palabra en un tiempo justo.

El recurrente comenzó su sentencia cumpliendo una sentencia de 6 años por Artículo 5.15 Ley [de] Armas, en la cual se le bonificaron 229 días desde [el] 4 de julio de 2013 al 26 de noviembre de 2016. En estos momentos se encuentra cumpliendo una sentencia de 10 años naturales por Artículo 5.04 Ley [de] Armas la cual culmina el 26 de noviembre de 2026, para continuar con una sentencia de 4 años por Artículo 109 [del] Código Penal (2012); en esta instancia podrá recibir bonificaciones adicionales si estudia y/o trabaja de así realizarlo. (Énfasis nuestro).

Aun en desacuerdo, Rivera Soto acude ante nos y reitera que el DCR debe aplicar en a su hoja de liquidación de sentencia las disposiciones de la Ley Núm. 85-2022 retroactivamente.

A tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho…". Ante ello, prescindimos de la comparecencia del Departamento de Corrección y

Rehabilitación por conducto de la Oficina del Procurador General de Puerto Rico.

**II.**

**A.**

Sabido es que los tribunales apelativos están llamados a otorgar amplia deferencia a las decisiones de las agencias administrativas. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 126 (2019); *Vélez v. ARPE,* 167 DPR 684, 693 (2006); *Otero v. Toyota,* 163 DPR 716, 727 (2005). Al evaluar la decisión de una agencia, el tribunal debe determinar si ésta actuó de forma arbitraria, ilegal o irrazonable, constituyendo sus actuaciones un abuso de discreción. El criterio rector es la razonabilidad de la agencia recurrida. Véase, *Torres Rivera v. Policía de PR,* 196 DPR 606, 626 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 746 (2012); *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008).

Así, al momento de evaluar una decisión administrativa, los tribunales tomarán en consideración, no solo la especialización y experiencia de la agencia sobre las controversias que tuviera ante sí, sino que también deben distinguir entre cuestiones relacionadas a la interpretación de las leyes —donde los tribunales son los especialistas— y aquellos asuntos propios para la discreción o pericia administrativa. *García Reyes v. Cruz Auto Corp.*, supra, pág. 892. Véanse, además, *Super Asphalt v. AFI y otros*, 206 DPR 803, 820 (2021); *Capó Cruz v. Jta. Planificación*, 204 DPR 581 (2020); *Román Ortiz v. OGPe*, 203 DPR 947 (2020).

Al aplicar el criterio de razonabilidad y deferencia, se ha dispuesto por la jurisprudencia que los foros apelativos no deben intervenir con las determinaciones de hechos que las agencias formulan, si las mismas están sostenidas por evidencia sustancial

que obre en el expediente administrativo.[2] Bajo dicho escenario, los foros apelativos deben sostenerlas. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Véase también, *Daco v. Toys "R" Us*, 191 DPR 760, 764 (2014); *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75 (2000).

Ahora bien, debido a que las resoluciones de los organismos administrativos gozan de una presunción de legalidad y corrección, quien las impugne tiene el peso de la prueba, por lo que deberá presentar evidencia suficiente para derrotar la presunción que estas poseen. *Transp. Sonnell v. Jta. Subastas ACT*, 214 DPR 633 (2024); *García Reyes v. Cruz Auto Corp.*, supra, pág. 893; *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). De lo anterior, surge claramente que la carga probatoria le corresponde a la parte recurrente. Si incumple, la decisión administrativa deberá ser respetada por el foro apelativo.

Empero, debemos puntualizar que los tribunales estamos llamados a ejercer un juicio independiente al evaluar las conclusiones de derecho y las interpretaciones que realizan las agencias sobre la ley que le corresponde administrar. En ese sentido, nuestro más Alto Foro pautó que no debemos guiarnos por una deferencia automática sobre las interpretaciones de las agencias administrativas. Ello debido a que es deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025).

**B.**

La Ley Núm. 85-2022, según enmendada, se promulgó para enmendar el Artículo 308 de la Ley Núm. 146-2012, según enmendada, conocida como "Código Penal de Puerto Rico", con el fin de establecer los términos para cualificar para la consideración de

---

[2] Evidencia sustancial es aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Otero v. Toyota*, supra, pág. 728.

la Junta de Libertad Bajo Palabra y para enmendar el Artículo 3 de la Ley Núm. 118 de 22 de julio de 1974, según enmendada, conocida como "Ley de la Junta de Libertad Bajo Palabra". Así, pretende establecer una manera justa, retributiva y rehabilitadora, que le permita a aquella persona convicta por varios delitos el poder ser considerada para libertad bajo palabra al cumplir con los términos de la sentencia más onerosa relacionada directamente con alguno de los delitos por los cuales fue encontrado culpable.

Mediante la Sección 1 de la aludida Ley se enmendó el Artículo 308 de la Ley Núm. 146-2012, según enmendada, conocida como "Código Penal de Puerto Rico", para que lea como sigue:

"Artículo 308.– Términos para cualificar para consideración de la Junta de Libertad bajo Palabra.

Toda persona convicta bajo las disposiciones de este Código podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto. Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.

En delitos graves cuyo término de reclusión señalada en el tipo sea de cincuenta (50) años, la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir quince (15) años de su sentencia o cinco (5) años si se trata de un menor de edad procesado y sentenciado como adulto.

En caso de la persona convicta de asesinato en primer grado, un delito cuya pena sea de noventa y nueve (99) años o reincidencia habitual la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra, al cumplir veinticinco (25) años de su sentencia, o diez (10) años, si se trata de un menor de edad procesado y sentenciado como adulto. Las personas convictas al amparo del inciso (c) del Artículo 93 estarán excluidas del privilegio de libertad bajo palabra.

En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término

concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial."

De otro lado, la Sección 2 enmendó el Art. 3 de la Ley Núm. 118 de 22 de julio de 1974, según enmendada, conocida como "Ley de la Junta de Libertad Bajo Palabra", para que lea como sigue:

"Artículo 3. – Autoridades, deberes y poderes de la Junta:

La Junta de Libertad Bajo Palabra tendrá la siguiente autoridad, poderes y deberes:

(a)        …

…

(1)        …

…

(4)        …

Podrá así mismo decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico que haya sido convicta conforme a las disposiciones de la Ley 146-2012, conocida como "Código Penal de Puerto Rico de 2012" al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto. Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.

En caso de la persona convicta de asesinato en primer grado bajo la Ley 146-2012, esta podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir veinticinco (25) años de su sentencia, o diez (10) años , si se trata de un menor de edad procesado y sentenciado como adulto.

La Junta podrá considerar para la libertad bajo palabra a aquellas personas que hayan utilizado o intentado utilizar un arma de fuego ilegal en la comisión de un delito grave o su tentativa, según definido en la Ley 146-2012, según enmendada. La Junta podrá conceder el beneficio cuando se ha determinado reincidencia habitual por delitos no violentos al cumplir veinticinco (25) años de su sentencia de reclusión, pero no podrá conceder el beneficio cuando la persona haya resultado

convicta por delitos de agresión sexual o pornografía infantil en cualquiera de sus modalidades, según definidos en la Ley 146-2012, según enmendada. Antes de conceder el beneficio, la Junta considerará todas las disposiciones contenidas en el Artículo 3-B de esta Ley y lo que contemplan en la Ley 22-1988, mejor conocida como la Ley de la "Carta de Derechos de Víctimas y Testigos de Delito", según enmendada, para garantizarle a las víctimas todos los derechos.

...

(5) En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial.

...

(b) ...

...".

La Ley Núm. 85-2022 destacó que aplicaría de manera retroactiva, independientemente del Código Penal o Ley Penal Especial vigente al momento de los hechos delictivos, siempre y cuando resulte favorable para la persona condenada. Además, que las cláusulas de prohibiciones absolutas de libertad bajo palabra en los delitos de leyes penales especiales no serían aplicables al caso de menores juzgados y sentenciados como adultos cuando contravengan lo aquí establecido. También estableció que las disposiciones de esta Ley prevalecerían sobre cualquier otra disposición de ley que no estuviere en armonía con lo aquí establecido. Secciones 3 y 4.

**III.**

En su escrito, aunque la parte recurrente no incluyó señalamiento de error alguno, hace constar su inconformidad con la

negativa del Departamento de Corrección y Rehabilitación en aplicarle a los términos de su sentencia las bonificaciones incluidas en la Ley Núm. 85-2022.

Analizado el expediente, concluimos que no incidió la agencia recurrida al emitir su dictamen. De este se desprende que la Hoja de Control Sobre Liquidación de Sentencia de la parte recurrente se actualizó el 29 de enero de 2025 y que al presente se le están aplicando las bonificaciones que por derecho le corresponden. Recordemos que la Ley Núm. 85-2022 se promulgó con el objetivo de expandir la jurisdicción de la Junta de Libertad Bajo Palabra (Junta) y permitirle a una mayor cantidad de convictos solicitar el beneficio de libertad bajo palabra. No obstante, resulta evidente que su reclamo es académico ya que aplicar la Ley Núm. 85-2022 resultaría en un ejercicio fútil toda vez que cuando la ley entró en vigor, ya este había comparecido ante la referida Junta. Ello, toda vez que el mínimo de sentencia fue cumplido en diciembre de 2021.

En virtud de lo antes expuesto, concluimos que la parte recurrente no logró derrotar la presunción de corrección que ostentan las decisiones administrativas, ni tampoco nos persuadió a alejarnos de la norma de deferencia que estas merecen. La decisión de la agencia fue razonable y se dictó bajo el marco doctrinal adecuado. En consecuencia, confirmamos la *Resolución* impugnada.

**IV.**

Por los fundamentos antes expuestos, se confirma el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones